# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KERETA RAJKUMAR<br>610 Boggs Run<br>Dover DE 19904<br><br>  Plaintiff,<br><br>v.<br><br>DELAWARE TRANSIT CORPORATION<br>d/b/a DART<br>900 Public Safety Blvd<br>Dover DE 19901 | CIVIL ACTION NO:<br><br><br><br>**COMPLAINT WITH JURY DEMAND** |

## CIVIL ACTION COMPLAINT

Plaintiff Kereta Rajkumar (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complain as follows against Defendant Delaware Transit Corporation d/b/a DART (hereinafter "Defendant").

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant of The Americans with Disabilities Act (hereinafter "ADA"), the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("Title VII"), the Family Medical Leave Act ("FMLA"), and the Persons with Disabilities Employment Protection Act (PDEPA). Defendant discriminated against, and fired Plaintiff because of a disability and/or her pregnancy and/or because she required a leave of absence under the FMLA. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the ADA, 42 U.S.C. § 12101, Title VII, and the FMLA *et seq*.

3. This Court has jurisdiction over Plaintiff's state law claim(s) because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5. Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff has exhausted all administrative remedies requires as a prerequisite prior to the filing of his instant ADA and Title VII claims.

7. Plaintiff had received a Right to Sue and dismissal from the EEOC on May 30, 2023 allowing her to file this instant action.

## PARTIES

8. The foregoing paragraphs are incorporated herein as if set forth in full.

9. Plaintiff is an adult individual, with an address as set forth in the caption.

10. Defendant is an entity that operates a public transportation system throughout the state of Delaware.

11. At all times relevant herein, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein as if set forth in full.

13. On or about October 19, 2019, Defendant hired Plaintiff as a Service Technician.

14. At all times relevant hereto, Plaintiff suffered from chronic back pain (hereinafter Plaintiff's "Disability").

15. In or around May 2022, Plaintiff advised Defendant that she was pregnant.

16. Plaintiff further notified Defendant that due to pregnancy, her Disability was further aggravated, and that accordingly, she would require periodic leaves of absence to treat and/or recover from flare-ups related to her Disability and/or pregnancy (hereinafter Plaintiff's "Medical Conditions').

17. On or about March 19, 2022, Defendant approved Plaintiff for intermittent FMLA for a period of one to two days per month from May 3, 2022 through June 15, 2022.

18. Plaintiff was absent from work on May 9, May 25 and May 27, 2022.

19. Each of the above May absences were due to Plaintiff's Medical Conditions.

20. Defendant did not designate Plaintiff's absences in May as FMLA protected.

21. On June 21, 2022, Plaintiff required emergency care for her Medical Conditions.

22. As a result of same, on June 21, 2022, Plaintiff was absent from work.

23. Plaintiff notified Defendant that her absence on June 21, 2022 was due to her need for medical attention for her Medical Conditions.

24. On June 21, 2022, Defendant notified Plaintiff that she may be eligible for FMLA leave.

25. Defendant did not designate Plaintiff's absence on June 21, 2022 as FMLA protected.

26. Defendant did not designate Plaintiff's absence from work on June 21, 2022 as an excused absence.

27. On June 29, 2022, Plaintiff sought medical attention for her Medical Conditions.

28. On June 29, 2022, Plaintiff's physician ordered that she remain out of work from June 29, 2022 until July 13, 2022.

29. Plaintiff was absent from work on June 29, 2022.

30. Plaintiff notified Defendant that her absence on June 29, 2022 was caused by her Medical Condition.

31. Defendant did not designate Plaintiff's absence on June 29, 2022 as FMLA protected.

32. Defendant did not designate Plaintiff's absence from work on June 29, 2022 as an excused absence.

33. On July 14, 2022, Defendant notified Plaintiff that her request for FMLA from June 2022 was not approved.

34. On July 20, 2022, Defendant notified Plaintiff that she may be eligible for FMLA due to her Medical Conditions.

35. On August 1, 2022, Plaintiff provided Defendant with a certification from a medical professional who was treating Plaintiff for her Medical Conditions.

36. The certification noted that Plaintiff was suffering from ongoing Medical Conditions due to her Disability and pregnancy.

37. Defendant did not grant Plaintiff FMLA leave based on the August 1, 2022 certification.

38. Rather, on August 31, 2022, Defendant fired Plaintiff for accumulating excessive absences.

39. Defendant considered Plaintiff's absences on May 9, May 25 and May 27, 2022 in making the decision to terminate Plaintiff.

40. Defendant considered Plaintiff's absences on June 21 and June 29, 2022 in making the decision to terminate Plaintiff.

41. Defendant's stated reason for termination was a pretext for discrimination.

42. In fact, Defendant fired Plaintiff because she sought an accommodation for her disability, because of her Medical Conditions, because she requested FMLA leave for her Medical Conditions and/or because of her pregnancy.

43. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT I
### Violations of the Americans with Disabilities Act ("ADA")
**(Disability Discrimination)**

36. The foregoing facts are incorporated herein as if set forth in their entirety.

37. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the ADA.

38. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA.

39. Plaintiff's Diability constituted a "disability" within the meaning of the ADA.

40. Plaintiff's Medical Conditions constituted a "disability" within the meaning of the ADA.

41. Defendant fired Plaintiff because she suffered from the above referenced disabilities.

42. Defendant's actions constitute violations of the ADA.

43. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**COUNT II**
**Violation of the ADA**
**(Failure to Accommodate)**

44. The foregoing paragraphs are incorporated herein as if set forth in full.

45. Plaintiff requested a reasonable accommodation from Defendant in the form of a periodic leaves of absence to treat her Medical Conditions.

46. Defendant could have granted Plaintiff the aforementioned accommodation without undue hardship but failed to do so.

47. Defendant's aforementioned conduct is in violation of the ADA and has caused Plaintiff to suffer damages.

**COUNT III**
**Violation of the ADA**
**(Failure to Engage in the Interactive Process)**

48. The foregoing paragraphs are incorporated herein as if set forth in full

49. Plaintiff's Medical Conditions rendered her an individual with a disability under the ADA.

50. Plaintiff requested a reasonable accommodation due to Medical Conditions in the form of ongoing periodic absences in June and July 2022.

51. Defendant denied Plaintiff's request for accommodation, and failed to engage in the interactive process as to alternative accommodations that would allow Plaintiff to continue working.

52. Defendant's aforementioned conduct is in violation of the ADA and has caused Plaintiff to suffer damages.

## COUNT IV
### Violation of the ADA
**(Retaliation)**

53. The foregoing paragraphs are incorporated herein as if set forth in full.

54. Plaintiff's Medical Conditions constituted a disability within the meaning of the ADA.

55. Plaintiff requested a reasonable accommodation, in the form of periodic leaves of absence, due to her Medical Conditions.

56. Requesting and utilizing an accommodation for a disability is a protected activity under the ADA.

57. Defendant fired Plaintiff because Plaintiff requested the aforementioned accommodations.

58. Defendant's aforementioned conduct is in violation of the ADA and has caused Plaintiff to suffer damages.

## COUNT V
### Violations of Tile VII of the Civil Rights Act of 1964 ("Title VII")
**(Discrimination on the basis of pregnancy)**

59. The foregoing facts are incorporated herein as if set forth in full.

60. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of Title VII.

61. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of Title VII.

62. Title VII prohibits an employer from discriminating against an employee on the basis of sex.

63. Discrimination against women because of pregnancy constitutes sex discrimination under Title VII.

64. Defendant violated Plaintiff's rights under Title VII by refusing to provide her with an accommodation due to her Pregnancy Disability.

65. Defendant violated Plaintiff's rights under Title VII by firing her to prevent her from taking a maternity leave of absence.

66. Defendant violated Plaintiff's rights under Title VII by firing Plaintiff because she was pregnant.

67. Defendant's aforementioned conduct is in violation of Title VII and has caused Plaintiff to suffer damages.

## COUNT VI
### Violations of the FMLA
**(Interference)**

68. The forgoing paragraphs are incorporated herein as if set forth in full.

69. Plaintiff was an eligible employee under the definitional terms of the FMLA.

70. At all times relevant herein, Plaintiff was employed by Respondents for at least twelve (12) months.

71. Plaintiff had a least 1,250 hours of service with Respondents during the twelve (12) months prior to the commencement of his medical leave of absence.

72. Defendant is engaged in an industry affecting commerce and employ fifty (50) of more employees for twenty (20) or more calendar workweeks in the current proceeding, or preceding calendar year.

73. Defendant interfered with Plaintiff's rights under the FMLA by failing to accept her August 1, 2022 certification from her medical provider.

74. Defendant interfered with Plaintiff's rights under the FMLA by considering absences that it should have designated as FMLA protected.

75. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT V
## Violations of the FMLA
### (Retaliation)

76. The foregoing paragraphs are incorporated herein as if set forth in full.

77. Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, and Respondents were not permitted to retaliate against Claimant for exercising his rights under the FMLA.

78. Defendant retaliated against Plaintiff by refusing to grant her requests for FMLA leave because she had taken a prior FMLA leave.

79. Defendant retaliated against Plaintiff by firing her for taking and requesting FMLA-qualifying absences.

80. Defendant's retaliatory actions constitute unlawful acts under the FMLA.

81. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT VI
## Violations of the Delaware Persons with Disabilities Employment Protection Act ("PDEPEA")
### (Disability Discrimination)

82. The foregoing paragraphs are incorporated herein as if set forth in full.

83. At all times relevant herein, Defendant is and continues to be "employers" within the meaning of the PDPEA.

84. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the PDPEA.

85. Plaintiff's Medical Conditions constituted a "disability" within the meaning of the NYSHRL.

86. Defendant discriminated against Plaintiff due to her Disability.

87. Defendant discriminated against Plaintiff due to her Pregnancy.

88. Defendant fired Plaintiff in part, due to her Disability.

89. Defendant's actions constitute violations of the PDPEA.

90. As a result, Plaintiff has suffered damages.

## COUNT VII
## Violations of the PDPEA
### (Failure to Accommodate)

91. The foregoing paragraphs are incorporated herein as if set forth in full.

92. Plaintiff requested reasonable accommodations from Defendant in the form of periodic leaves of absence so that she could accommodate her Disability.

93. Defendant could have granted Plaintiff the aforementioned accommodations without undue hardship but failed to do so.

94. Defendant's aforementioned conduct is in violation of the PDPEA and has caused Plaintiff to suffer damages.

## COUNT VIII
### Violations of the PDPEA
### (Retaliation)

95. The foregoing paragraphs are incorporated herein as if set forth in full.

96. Plaintiff requested reasonable accommodation from in the form of an accommodation for her Disability.

97. Plaintiff notified Defendant that she would require a leave of absence due to Pregnancy.

98. Requesting and utilizing accommodations for a disability is a protected activity under the PDPEA.

99. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT IX
### Violations of the PDPEA
### (Discrimination on the basis of pregnancy)

100. The foregoing paragraphs are incorporated herein as if set forth in full

101. The PDPEA prohibits an employer from discriminating against an employee on the basis of pregnacy.

102. Defendant violated Plaintiff's rights under PDPEA by refusing to provide her with an accommodation because of her pregnacy.

103. Defendant violated Plaintiff's rights under PDPEA by firing her to prevent her from taking a maternity leave of absence.

104. Defendant violated Plaintiff's rights under PDPEA by firing Plaintiff because she was pregnant.

105. Defendant's aforementioned conduct is in violation of Title PDPEA and has caused Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disabilities and/or gender and/or status as a pregnant individual and/or failing to accommodate people with disabilities;

B. Defendant is to to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C. Plaintiff is to be awarded liquidated damages and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law.

F. Plaintiff's claims are to receive a jury trial.

        Respectfully submitted,

**JACOBS & CRUMPLAR, P.A.**

<u>/s/ Raeann Warner</u>
Raeann Warner, Esq. (DE 4931)
750 Shipyard Drive, Suite 200
Wilmington, DE 19801
(t) (302) 656-5445
*Attorney for Plaintiff*

**SWARTZ SWIDLER, LLC**

Manali Arora, Esq.
1101 Kings Highway N., Suite 402
Cherry Hill, NJ 08034
Phone: 856.685.7420
Fax: 856.685.7417
marora@swartz-legal.com

Dated: June 8, 2023

## **DEMAND TO PRESERVE EVIDENCE**

All Respondents are hereby directed to preserve all physical and electronic information pertaining in any way to Claimant's employment, to Claimant's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.