## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KERETA RAJKUMAR<br>610 Boggs Run<br>Dover DE 19904<br><br>         Plaintiff,<br><br>   v.<br><br>DELAWARE TRANSIT CORPORATION<br>d/b/a DART<br>900 Public Safety Blvd<br>Dover DE 19901 | CIVIL ACTION NO: 1:23-cv-00624-MN<br><br><br>**COMPLAINT WITH JURY DEMAND** |

## AMENDED CIVIL ACTION COMPLAINT

Plaintiff Kereta Rajkumar (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complain as follows against Defendant Delaware Transit Corporation d/b/a DART (hereinafter "Defendant").

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("Title VII"), the Delaware Discrimination in Employment Act ("DDEA"), the Family Medical Leave Act ("FMLA"), and the Delaware Persons with Disabilities Employment Protection Act (PDEPA). Defendant discriminated against and fired Plaintiff because of a disability and/or her pregnancy and/or because she required a leave of absence under the FMLA. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

1

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the ADA, 42 U.S.C. § 12101, Title VII, and the FMLA *et seq*.

3. This Court has jurisdiction over Plaintiff's state law claim(s) because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5. Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff has exhausted all administrative remedies required as a prerequisite prior to the filing of her instant Title VII and related state claims by filing a charge of discrimination with the Equal Employment Opportunity Commission on Octocte 18, 2022 which was dual filed with the Delaware Human Relations Commission.

7. Plaintiff had received a Right to Sue and dismissal from the EEOC on May 30, 2023 allowing her to file this instant action.

## PARTIES

8. The foregoing paragraphs are incorporated herein as if set forth in full.

9. Plaintiff is an adult individual, with an address as set forth in the caption.

10. Defendant is an entity that operates a public transportation system throughout the state of Delaware. Upon information and belief, Defendant employs more than 500 employees.

11. At all times relevant herein, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein as if set forth in full.

13. On or about October 19, 2019, Defendant hired Plaintiff as a Service Technician.

14. At all times relevant hereto, Plaintiff suffered from chronic back pain (hereinafter Plaintiff's "Disability").

15. Plaintiff's chronic back pain interfered with her ability to perform manual tasks, including but not limited to lifting.

16. In or around May 2022, Plaintiff advised Defendant that she was pregnant and that she anticipated requiring a leave of absence in November 2022 to give birth and provide care to her newborn thereafter.

17. Plaintiff further notified Defendant that, due to pregnancy, her Disability was further aggravated and that she periodically suffered from increased pain symptoms as a result of same (hereinafter Plaintiff's "Medical Conditions").

18. Accordingly, Plaintiff notified Defendant that she would require periodic leaves of absence in order to treat the aforementioned pain symptoms.

19. On or about March 19, 2022, Defendant approved Plaintiff for intermittent FMLA for a period of one to two days per month from May 3, 2022, through June 15, 2022.

20. Plaintiff was absent from work on May 9, May 25, and May 27, 2022.

21. Each of the above May absences were due to Plaintiff's Medical Conditions.

22. Defendant did not designate Plaintiff's absences in May as FMLA protected.

23. On June 21, 2022, Plaintiff required emergency care for her Medical Conditions.

24. As a result of same, on June 21, 2022, Plaintiff was absent from work.

25. Plaintiff notified Defendant that her absence on June 21, 2022, was due to her need for medical attention for her Medical Conditions.

26. On June 21, 2022, Defendant notified Plaintiff that she may be eligible for FMLA leave due to her Medical Condition.

27. Nonetheless, Defendant advised Plaintiff that she should not take FMLA leave for her Medical Conditions, so that she could utilize FMLA to give care to her newborn after giving birth.

28. Accordingly, Defendant did not designate Plaintiff's absence on June 21, 2022 as FMLA protected.

29. Defendant did not designate Plaintiff's absence from work on June 21, 2022 as an excused absence.

30. On June 29, 2022, Plaintiff sought medical attention for her Medical Conditions.

31. On June 29, 2022, Plaintiff's physician ordered that she remain out of work from June 29, 2022 until July 13, 2022.

32. Plaintiff was absent from work on June 29, 2022.

33. Plaintiff notified Defendant that her absence on June 29, 2022 was caused by her Medical Condition.

34. Defendant did not designate Plaintiff's absence on June 29, 2022 as FMLA protected.

35. Defendant did not designate Plaintiff's absence from work on June 29, 2022 as an excused absence.

36. On July 14, 2022, Defendant notified Plaintiff that her request for FMLA from June 2022 was not approved.

37. On July 20, 2022, Defendant notified Plaintiff that she may be eligible for FMLA due to her Medical Conditions.

38. On August 1, 2022, Plaintiff provided Defendant with a certification from a medical professional who was treating Plaintiff for her Medical Conditions.

39. The certification noted that Plaintiff was suffering from ongoing Medical Conditions due to the interrelation of her Disability and pregnancy.

40. Defendant did not grant Plaintiff FMLA leave based on the August 1, 2022 certification.

41. Rather, on August 31, 2022, Defendant fired Plaintiff for accumulating excessive absences.

42. Defendant considered Plaintiff's absences on May 9, May 25 and May 27, 2022 in making the decision to terminate Plaintiff.

43. Defendant considered Plaintiff's absences on June 21 and June 29, 2022 in making the decision to terminate Plaintiff.

44. Defendant's stated reason for termination was a pretext for discrimination.

45. In fact, Defendant fired Plaintiff because she sought an accommodation for her disability, because of her Medical Conditions, because of her pregnancy and/or to prevent her from taking an FMLA leave of absence to give care to her newborn baby.

46. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT I
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the DDEA
**(Discrimination on the basis of pregnancy)**

47. The foregoing facts are incorporated herein as if set forth in full.

48. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of Title VII and the DDEA.

49. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of Title VII and the DDEA.

50. Title VII and the DDEA prohibit an employer from discriminating against an employee on the basis of sex.

51. Discrimination against women because of pregnancy constitutes sex discrimination under Title VII and the DDEA.

52. Plaintiff was qualified for her position as a Service Technician for Defendant.

53. Defendant violated Plaintiff's rights under Title VII and the DDEA by refusing to provide her with an accommodation for a Disability because of her pregnancy.

54. Defendant violated Plaintiff's rights under Title VII and the DDEA by firing her to prevent her from taking a maternity leave of absence.

55. Defendant violated Plaintiff's rights under Title VII and the DDEA by firing Plaintiff because she was pregnant.

56. Defendant's aforementioned conduct is in violation of Title VII and the DDEA and has caused Plaintiff to suffer damages.

## COUNT II
### Violations of the FMLA
**(Interference)**

57. The forgoing paragraphs are incorporated herein as if set forth in full.

58. Plaintiff was an eligible employee under the definitional terms of the FMLA.

59. At all times relevant herein, Plaintiff was employed by Respondents for at least twelve (12) months.

60. Plaintiff had at least 1,250 hours of service with Respondents during the twelve (12) months prior to the commencement of his medical leave of absence.

61. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for twenty (20) or more calendar workweeks in the current proceeding, or preceding calendar year.

62. Defendant interfered with Plaintiff's rights under the FMLA by refusing to grant her FMLA leave in June and July 2022 because she had notified Defendant of her need for further FMLA leave to give care to her newborn baby.

63. Defendant interfered with Plaintiff's rights under the FMLA by firing her to prevent her from taking FMLA leave to bond with her child after giving birth.

64. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

### COUNT III
### Violations of the FMLA
**(Retaliation)**

65. The foregoing paragraphs are incorporated herein as if set forth in full.

66. Defendant retaliated against Plaintiff by firing her for requesting FMLA leave to give care to her newborn baby.

67. Defendant's retaliatory actions constitute unlawful acts under the FMLA.

68. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

### COUNT IV
### Violations of the Delaware Persons with Disabilities Employment Protection Act ("PDEPA")
**(Disability Discrimination)**

69. The foregoing paragraphs are incorporated herein as if set forth in full.

70. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the PDPEA.

71. At all times relevant herein, the interrelation of Plaintiff's chronic back condition and pregnancy rendered her a "person with a disability" within the meaning of the PDEPA.

72. Plaintiff's Medical Conditions constituted a "disability" within the meaning of the PDPEPA.

73. Defendant discriminated against Plaintiff due to her Disability.

74. Defendant fired Plaintiff, in part, due to her Disability.

75. Defendant's actions constitute violations of the PDEPA.

76. As a result, Plaintiff has suffered damages.

## COUNT V
### Violations of the PDEPA
### (Failure to Accommodate)

77. The foregoing paragraphs are incorporated herein as if set forth in full.

78. Plaintiff requested reasonable accommodations from Defendant in the form of periodic leaves of absence so that she could treat her Disability.

79. Defendant could have granted Plaintiff the aforementioned accommodations without undue hardship but failed to do so.

80. Defendant's aforementioned conduct is in violation of the PDEPA and has caused Plaintiff to suffer damages.

## COUNT VI
### Violations of the PDEPA
### (Retaliation)

81. The foregoing paragraphs are incorporated herein as if set forth in full.

82. Plaintiff requested a reasonable accommodation from Defendant for her Disability.

83. Requesting and utilizing accommodations for a disability is a protected activity under the PDEPA.

84. Defendant fired Plaintiff because she requested the aforementioned request for accommodation.

85. Defendant's aforementioned conduct is in violation of the PDEPA and has caused Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disabilities and/or gender and/or status as a pregnant individual and/or failing to accommodate people with disabilities;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C. Plaintiff is to be awarded liquidated damages and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law.

  F. Plaintiff's claims are to receive a jury trial.

Respectfully submitted,

**JACOBS & CRUMPLAR, P.A.**
*/s/* Patrick C. Gallagher
Pat Gallagher, Esq. (DE Bar #5170)
750 Shipyard Drive, Suite 200
Wilmington, Delaware 19801
pat@jcdelaw.com
(302) 656-5445
*Counsel for Plaintiffs*


**SWARTZ SWIDLER, LLC**

Manali Arora, Esq.
1101 Kings Highway N., Suite 402
Cherry Hill, NJ  08034
Phone: 856.685.7420
Fax: 856.685.7417
marora@swartz-legal.com
*Co-Counsel for Plaintiffs (pro hac vice forthcoming)*

Dated: November 17, 2023

## **DEMAND TO PRESERVE EVIDENCE**

All Respondents are hereby directed to preserve all physical and electronic information pertaining in any way to Claimant's employment, to Claimant's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.